IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BONG H. CHAE, | ) | 8:13CV166 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| PAUL RODRIGUEZ, STEPHANIE | ) | |
| BRUHN, CAMERON S. WHITE, | ) | |
| BARBARA LEWIEN, MIKE | ) | |
| KENNY, and ROBERT P. | ) | |
| HOUSTON, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on May 28, 2013. (Filing No. 1.) Plaintiff is a prisoner who has been granted leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against six Nebraska Department of Correctional Services ("the department") employees, including Paul Rodriguez ("Rodriguez"), Stephanie Bruhn ("Bruhn"), Cameron White ("White"), Barbara Lewien ("Lewien"), Mike Kenny ("Kenny"), and Robert Houston ("Houston"). (Filing No. 1 at CM/ECF pp. 1-2.) Plaintiff has sued Rodriguez, Bruhn, and Kenny in their individual and official capacities, and has sued Lewien in her individual capacity. (*Id.*) Plaintiff did not specify whether he was suing Houston in his official or individual capacity. Therefore, the court assumes that he is sued in his official capacity only. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must

expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.").

Condensed and summarized, Plaintiff's Complaint relates entirely to the department's recommendation that he undergo sex offender treatment prior to his next parole hearing. More specifically, Plaintiff alleges that the department required that Plaintiff undergo screening by the Clinical Sex Offender Review Team and the Clinical Violent Offender Review Team, despite Plaintiff not having been convicted of a sexual offense. (Filing No. 1 at CM/ECF p. 3.) The ultimate recommendation from one or both of these teams was that Plaintiff undergo sex offender treatment. (*Id.* at CM/ECF p. 4.) In addition, the Nebraska Parole Board has deferred parole, and recommended that Plaintiff participate in appropriate mental health treatment. (*Id.* at CM/ECF p. 3.) Plaintiff has submitted grievances to each of the Defendants complaining about the recommendation that he undergo sex offender treatment, despite not having been convicted of a sexual offense, and they have each denied or ignored his grievances.

Liberally construed, Plaintiff alleges that forcing him to participate in mental health programming as a condition of receiving parole deprives him of a liberty interest in violation of the Fourteenth Amendment and violates his rights to equal protection under the law. (*Id.* at CM/ECF p. 8.) Plaintiff requests relief in the form of a declaratory judgment, compensatory and punitive damages, and an injunction requiring Defendant Houston to "stop the illegal practice of Mental Health and clear [him] to be eligible for parole." (*Id.* at CM/ECF p. 9.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28

U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

#### A. Sovereign Immunity

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th

3

Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their individual capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

Here, Plaintiff seeks monetary relief against state employees in their official and individual capacities. (Filing No. 1 at CM/ECF pp. 1-2.) As set forth above, Plaintiff may not sue a state employee in his or her official capacity for monetary relief absent a waiver of immunity by the state or an override of immunity by Congress. The record before the court does not show that Nebraska waived, or Congress overrode, sovereign immunity in this matter. Accordingly, Plaintiff's claims for monetary relief against Defendants in their official capacities must be dismissed.

**B.     Fourteenth Amendment Due Process Claims**

Liberally construed, Plaintiff alleges Defendants have denied him due process of law in violation of the Fourteenth Amendment. "[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Thus, Plaintiff must demonstrate that he has been deprived of a liberty interest in order to successfully claim that his Fourteenth Amendment right to due process has been violated. *Persechini v. Callaway*, 651 F.3d 802, 806 (8th Cir. 2011) (citing *Sandin v. Conner*, 515 U.S. 472 (1995)). A liberty interest can arise out of the Due Process

4

Clause itself or be state-created. *Id.* (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)) (quotations omitted).

A liberty interest arises under the Due Process Clause when the consequences of the state's actions are "stigmatizing" and "qualitatively different from the punishment characteristically suffered by a person convicted of crime." *Sandin v. Conner*, 515 U.S. 472, 479 n.4 (1995) (citing *Vitek v. Jones*, 445 U.S. 480, 493-94 (1980)). However, an inmate does not have a constitutionally-protected liberty interest in parole. *Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005) (citing *Greenholtz v. Inmates of Neb. Penal & Corr.*, 442 U.S. 1, 7 (1979)). Further, an inmate has no liberty interest in the *possibility* of parole if the action was within the original sentence imposed. As set forth in *Persechini*:

> [T]here is no protected liberty interest, for example, in the sentence reduction that may be granted upon completing a Bureau of Prisons drug treatment program, *Giannini v. Fed. Bureau of Prisons*, 405 Fed. Appx. 96, 97 (8th Cir. 2010) (unpublished); or in halfway-house placement after completing a drug-treatment program, *Staszak v. Romine*, 2000 WL 862836, at *1 (8th Cir. June 29, 2000) (unpublished); or in remaining in a work release program, *Callender v. Sioux City Residential Treatment Facility*, 88 F.3d 666, 668 (8th Cir. 1996); or in participating in a drug treatment program to qualify for early release, *Koch v. Moore*, 1995 WL 141733, at *1 (8th Cir. April 4, 1995) (unpublished); or in remaining in a discretionary "shock incarceration program," *Klos v. Haskell*, 48 F.3d 81, 88 (2d Cir. 1995); or in participating in Missouri's sex offender treatment program, *Jones v. Moore*, 996 F.2d 943, 945 (8th Cir. 1993).

*Persechini*, 651 F.3d at 807. Put simply, "[t]he general rule" is that "the Due Process Clause standing alone confers no liberty interest in freedom from state action taken within the sentence imposed." *Id.* at 808.

Moreover, a state-created liberty interest arises when a statute or regulation imposes an "atypical or significant hardship on the inmate in relation to the ordinary

5

incidents of prison life." *Sandin*, 515 U.S. at 483-84; *see also Wilkinson*, 545 U.S. at 223; *Wolff v. McDonnell*, 418 U.S. 539 (1974). A state-created liberty interest also arises when a state's actions will inevitably affect the duration of the sentence. *Sandin*, 515 U.S. at 487. In Nebraska, taking advantage of self-improvement opportunities, such as completion of mental health treatment, is only one among a multitude of factors that the Nebraska Board of Parole considers in determining if a prisoner should be paroled. Neb. Rev. Stat. § 83-1,114(2). Failure to complete a personalized program plan, which may include sex offender treatment as a requirement, may be considered by the Nebraska Board of Parole as a factor in their decision, but denial of parole on those grounds is not mandatory. Neb. Rev. Stat. § 83-1,107(1)(b).

Here, Plaintiff takes issue with the recommendation that he participate in mental health treatment, specifically sex offender treatment, because "he was not convicted of any sexual offense."[1] (Filing No. 1 at CM/ECF p. 1.) Plaintiff asserts that his chance at parole is affected by this recommendation, and he asks the court to order "[D]efendant Houston to stop the illegal practice of Mental Health and clear plaintiff to be eligible for parole." (*Id.* at CM/ECF p. 9.) However, as set forth above, there is no liberty interest in parole, or even the *possibility* of parole, arising from the Due Process Clause itself. Defendants have recommended that Plaintiff participate in

---

[1]The court notes that Plaintiff filed a Petition for Writ of Habeas Corpus in this court in which he challenged his 2007 conviction for false imprisonment in the first degree and second degree arson. (*See* Case No. 8:09CV416, Filing No. 43 at CM/ECF p. 3.) The state court records filed in Plaintiff's habeas corpus action reflect that, while Plaintiff was not convicted of a sexual offense in 2007, he was originally charged with false imprisonment in the first degree, terroristic threats, *first degree sexual assault*, and two counts of arson in the first degree. (*See* opinion by the Nebraska Court of Appeals dated September 17, 2009, at Case No. 8:09CV416, Filing No. 8-13 at CM/ECF p. 1.) Pursuant to a plea agreement, Plaintiff pled no contest to false imprisonment in the first degree and arson in the second degree, and the remaining charges were dismissed. (*Id.* at CM/ECF p. 2.)

6

mental health programming. There is no indication that these actions were outside of the sentence originally imposed upon Plaintiff, or that there has been an increase in Plaintiff's original sentence as a result of the recommendation that Plaintiff participate in sex offender treatment. Therefore, the Due Process Clause itself does not afford Plaintiff any protection.

Also, Plaintiff cannot demonstrate that he has a state-created liberty interest in parole. He cannot show that he has suffered an atypical or significant hardship as a result of the recommendation that he participate in mental health programming. For example, he has not been transferred to a markedly more restrictive facility or had a previously-granted right revoked. His only potential hardship is that he may not be paroled if he refuses to participate in sex offender treatment, and such a possibility is neither atypical or significant in regular prison life. That is, Plaintiff may simply be required to serve out the remainder of his sentence under the same conditions as other prisoners.

Importantly, Plaintiff also cannot demonstrate that failure to participate in mental health programming will necessarily impact the duration of his sentence. There is no guarantee that Plaintiff will complete the programming, nor does completion of programming mandate Plaintiff's parole under Nebraska law. Additionally, the Nebraska Board of Parole has the discretionary power to examine numerous other factors in determining whether or not parole will be granted. Moreover, to the extent that Plaintiff argues that the department cannot legally recommend sex offender treatment to an individual who is not convicted of a sexual offense, the court notes that the Nebraska statutes clearly state that programming may include "[a]ny other program deemed necessary and appropriate by the department." Neb. Rev. Stat. § 83-1, 107(1)(a)(v). In short, Plaintiff does not have a liberty interest in being granted access to the mental health programming of his choosing, regardless of its potential impact on his chance at parole. Therefore, Plaintiff's claim must be

7

dismissed for failure to state a claim upon which relief can be granted.

### C. Fourteenth Amendment State Procedural Claims

While it is unclear, Plaintiff may also allege that Defendants violated his due process rights because Defendants failed to comply with state procedures. (Filing No. 1 at CM/ECF pp. 6-7.) However, a federal court will not inquire into whether "state officers follow state law." *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996) ("[The plaintiff's] only argument is that the state failed to follow its own procedural rules and thus failed to afford him the due process of law mandated by the Constitution. But, as we have stated above, the Due Process Clause does not federalize state-law procedural requirements."). Because the court has already determined that Plaintiff has no liberty interest in being free from a recommendation that he receive sex offender treatment or in receiving the mental health programming of his choosing, this court will not examine whether Defendants complied with state procedures when they recommended a specific type of mental health programming. Therefore, to the extent one exists, Plaintiff's claim relating to state-law procedures must be dismissed for failure to state a claim upon which relief can be granted.

### D. Equal Protection Claims

Plaintiff alleges that his right to equal protection under the law has been violated because he has been "singled out . . . for his national origin or age or any other [of] his weak positions." (Filing No. 1 at CM/ECF p. 8.) The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike, a protection that applies to prison inmates. *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 984 (8th Cir. 2004). In order to establish an equal protection claim, a prisoner must show that he was treated differently from similarly-situated inmates and that the different treatment was based upon either a suspect classification

8

or a fundamental right. *Weems v. Little Rock Police Dep't*, 453 F.3d 1010, 1016 (8th Cir. 2006); *Weiler v. Purkett*, 137 F.3d 1047, 1052 (8th Cir. 1998).

Here, Plaintiff alleges he was treated differently than other inmates because the department recommended that he undergo a type of treatment imposed on "inmates who are assessed to be at a relatively higher risk to sexually re-offend," despite the fact that he was not convicted of a sexual offense. (Filing No. 1 at CM/ECF p. 8.) Meanwhile, the department has recommended a less restrictive type of treatment for individuals who have been convicted of sexual offenses. (*Id.*)

Plaintiff has not alleged facts suggesting that he is being treated differently than similarly situated inmates, or that the different treatment was based on a suspect classification or that it burdened one of his fundamental rights. As such, Plaintiff has failed to properly allege an equal protection claim against Defendants and his Complaint fails to state a claim upon which relief may be granted. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to clearly state a claim against Defendants upon which relief can be granted. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (Filing No. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

**IV.   MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff has filed a Motion to Appoint Counsel (Filing No. 4.) However, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No

such benefit is apparent here. Thus, the request for the appointment of counsel is denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims for monetary relief against Defendants in their official capacities are dismissed, as are his Fourteenth Amendment due process claims.

2. Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states an equal-protection claim upon which relief may be granted against Defendants, in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, or the court finds that the amended complaint is insufficient, this matter will be dismissed without further notice for failure to state a claim upon which relief may be granted.

3. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

4. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: October 18, 2013: Check for amended complaint.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

6. Plaintiff's Motion for the Appointment of Counsel (Filing No. 4) is denied without prejudice to reassertion.

7.	In light of the foregoing, Plaintiff's Motion for Status (Filing No. 7) is granted to the extent it is consistent with this Memorandum and Order.

8.	In light of the foregoing, Plaintiff's Motion for Praecipe for Summons (Filing No. 8) is denied.  As set forth above, Plaintiff's Complaint fails to state a claim upon which relief may be granted and, therefore, this matter may not proceed to service of process at this time.

DATED this 26th day of September, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.